IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO L. FLOWERS,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 14-cv-485-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Antonio L. Flowers' motion to vacate, set aside, or correction sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, the Court denies Flowers' motion.

1. Background

On January 25, 2011, Flowers entered a plea of guilty to (1) distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (2) possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). *See United States v. Flowers*, Case No. 10-cr-40037-JPG (Doc. 23). On May 11, 2011, the undersigned Judge sentenced Flowers to 96 months imprisonment, four years supervised release, a $200 special assessment, and a $200 fine (Doc. 35 in criminal case).

Flowers filed an appeal (Doc. 41 in criminal case). Counsel filed an *Anders* brief in which she identified the following potential issues: (1) the district court's inclusion of Flowers' conduct from crack sales that occurred between May 2008 and May 2010 in determining his relevant conduct; (2) the two-level enhancement for possession a gun during the commission of the offense; and (3) the reasonableness of Flowers' 96-month, within-guidelines sentences. The Seventh Circuit agreed with counsel that these issues had no merit, and denied the appeal and

Case 3:14-cv-00485-JPG   Document 2   Filed 07/25/14   Page 2 of 4   Page ID #35

entered judgment on December 19, 2011 (Doc. 59 in criminal case).  Flowers did not apply for a writ of certiorari to the Supreme Court of the United States.

On April 28, 2014, Flowers filed his motion under § 2255 raising three grounds.  In Ground One, Flowers argues counsel was ineffective for (1) failing to argue that the relevant conduct amounts must be admitted by defendant or found by a jury beyond a reasonable doubt; (2) failing to advise Flowers that a fact that triggers a statutory mandatory minimum is an element of the charged offense that must be found by a jury beyond a reasonable doubt; and (3) failing to object and argue that the Court incorrectly applied the enhancement pursuant to U.S.S.G. § 2D1.1(b).  In Ground Two, Flowers argues he is "actually innocent" of the § 2D1.1(b) enhancement.  In Ground Three, Flowers argues the district court erred in applying § 2D1.1(b).  The Court will turn to consider Flowers' claims.

2.  Analysis

As an initial matter, the Court must determine whether Flowers' motion is timely.  Prisoners used to be able to file motions under § 2255 at any time during their sentences.  However, on April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, tit. I, § 106 (codified at 28 U.S.C. §§ 2244(a) & (b), 2255), which added a one-year limitations period for a motion attacking a sentence. The one-year limitations period runs from the latest of four events:

(1) the date on which the judgment of convictions becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f).

A judgment of conviction becomes final for § 2255 purposes when the time expires for filing a petition for *certiorari* contesting the appellate court's decision affirming the conviction. *Clay v. United States*, 537 U.S. 522, 524-25 (2003).  The period for filing such a petition expires 90 days after the court of appeals enters judgment or denies a petition for rehearing.  S. Ct. R. 13. Here, because the Seventh Circuit entered judgment on December 19, 2011, Flowers had until March 18, 2012 to file his petition for *certiorari*.  Thus, he had until March 18, 2013, to file his § 2255 motion.  This motion, filed April 28, 2014, clearly fails to fall within the one-year limitations period.  Accordingly, Flowers failed to file his § 2255 motion within one year of the date on which his conviction became final.

Flowers' complaint fails to satisfy the one-year limitations requirement to the extent he relies on *Alleyne v. United States*, 133 S. Ct. 2151 (2013) as a case recognizing a right on which he bases his claim.  Title 28 U.S.C. § 2255(f)(3) requires both the recognition of a new right *and* that a relevant court make that right retroactively applicable.  *Alleyne* has not been made retroactively applicable to cases on collateral review.  *Wilson v. United States*, 414 F.3d 829, 831 (7th Cir. 2005) ("decisions in the *Apprendi* sequence do not apply retroactively on collateral review").

Finally, Flowers' claim that he is "actually innocent" of the gun enhancement also fails to fit his claim within the § 2255 limitations period.  Prisoners may bring their claims under § 2241 where a remedy under § 2255 is inadequate.  *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).  Section 2255 is "'inadequate' when [it prevents] a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'"  *Id*.  However, "'innocence of a sentencing enhancement' is only innocence in a 'technical sense,' which is insufficient to show that § 2255 is 'inadequate or ineffective' and, thus, allow a §2241 petition by a federal prisoner."

3

*Dowdy v. Cross*, Civil No. 10-cv-624-MJR, 2010 WL 3834007, at *2 (S.D. Ill. Sept. 24, 2010) (quoting *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998)). Here, Flowers simply argues that this Court incorrectly applied a sentencing enhancement and labels this argument as "actual innocence." He does not argue that he is "actually innocent" of the underlying offenses. As such, Flowers' claim is barred by the limitations period.

    3. Certificate of Appealability

Having denied Flowers' motion, the Court must grant or deny a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Flowers has made no such showing. Rather, it is clear that Flowers' has failed to meet the one-year limitations period set forth in § 2255. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), Petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

    4. Conclusion

For the foregoing reasons, the Court **DENIES** Flowers' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C § 2255 (Doc. 1), **DIRECTS** the Clerk of Court to enter judgment accordingly, and **DECLINES** to issue a certificate of appealability.

    **IT IS SO ORDERED.**

    **DATED:** July 24, 2014

                                                   s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**